United States District Court
District of New York

U.S.A. v. Hooker

Case No. S2-20-CR00445
USM # 6235-054
Def. Attorney: Richard D. Willstatter

MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) and
• HARD TIME DUE PROCESS

MEMO ENDORSED

---

Mr. Hooker moves this Court to grant a 'Sentence Reduction' under 18 U.S.C. § 3582(c)(1)(A) to purge the process that is due Mr. Hooker for the 'atypical and significant hardship' time he endured during the Covid-19 Lockdowns in his Prison for 24 hour days during 2020 through 2021-2022, which deprived Mr. Hooker of lawful and constitutional daily exercise/rec. time, religious service, programs, and all the ammenities that an inmate similarly situated to him would have enjoyed at that Prison facility had the Prison not been on Lockdown for the over 365 days of Covid-19 Lockdown. See: Sandin v. Connor, 515 U.S. 472, 484 (1995) (Prisoners possess a liberty interest in 'being free from conditions that "impose atypical and significant hardship... in relation to the ordinary incidents of Prison Life".)

Motion For Hardtime Sentence Reduction        Pg 1

## Statement of Jurisdiction

Jurisdiction to grant time served and immediate release is given to this Court of Appeals pursuant to the Due Process of U.S. Const. amend. XIV, § 1, and the First Step Act, and Changes to the Compassionate Release Statute as well as 18 U.S.C. § 3582(c)(1)(A)(i).

## II. Requested Relief

1.) The Court should grant Affiant the Due Process of time served for the extreme hardship suffered during the Covid-19 Pandemic Lockdown of over 365 days of 24 hour lockdown as well as diminished conditions of confinement atypical to inmates previously situated at the facility Affiant was at.

2.) The Court should grant home confinement to Affiant because his documented medical conditions are medical conditions that other petitioners have raised for successful home confinement and Affiant is 'DUE THE SAME Process as others similarly situated,' and not a danger to society.

3.) The Court should re-evaluate Affiants record for sentence departures because petitioners similarly situated were given departures based solely on 'good conduct' and behavior, and Affiant is warranted the same 'Due Process.'

Motion For Hard TIME Sentence Reduction    Pg 2

## III

## Statement of the Case

1.) Affiant files this Compassionate Relief / 18 U.S.C. § 3582(c)(1)(A) for various grounds of relief including the Due Process that Affiant should be awarded for the Prolonged Atypical and significant hardship he endured during Covid-19. Affiant was on a 24 hour Lockdown during most of 2020 through 2021 and into 2022 in which the conditions of his confinement forced him to be confined for Prolonged Periods of time to his small living space that was no larger then a "walk in closet." This lasted for over 365 days forcing him to endure psychological trama of no exercise at all for months at a time, no school or learning to keep his mind busy, no craft classes or ability to play sports or use the gym. All these activities would have been available to an inmate similarely situated to him in the prison setting before Covid-19 so that Affiant had to endure an atypical hardship from the normal conditions of prison life.

2.) Affiant also suffers from medical conditions that would warrant release to home confinement in previous cases, where Covid-19 posed a serious health hazard to the inmate if he were to continue to reside at the Prison where Covid-19 infection has been shown by the CDC to be all but guaranteed due to Covid now proven an \ airborn infectious virus!

Motion for Hard Time Sentence Reduction                    Pg 3

3.) Affiant Lastly raises the issue that the 'First Step Act' sentencing reductions still have not been factored into Affiants sentence due to Pussyfooting by the BoP in making those sentencing adjustments. Affiant therefor petitions the Court to automatically 'adjust his sentence' in light of his due process he is due under First Step.

Affiant has necessarly exhausted his administrative remedy in order to file this request with the Court. He is Not a danger to society.

## IV (a)
## Facts of the Case

1.) Compassion Release is Not an 'all or Nothing' remedy. The Court has the discretion to award Affiant a 'sentence reduction' as well as award a time served to home confinement ruling. See United States v. Wilford, (July 1, 2022) U.S. Dist. LEXIS 117148 Crim. No. ELH-11-258, Related case No. ELH-19-1926 (where the Court made clear the 'First Step Act' does Not constrain the Courts to decide between "immediate release or No reduction at all." See LEXIS 139 "Numerous District Courts... have granted Sentence reductions without immediate release," See e.g. United States v. Johnson, RDB-07-0153, 2020 U.S. Dist. LEXIS 190921, WL 6063733, at *5 (D.Md. Oct 19, 2020) (reducing sentence from 360 to 300 Months); Braxton, 2020 U.S. Dist. LEXIS 147379, 2020 WL 4748536, at *5 (reducing Sentence from 246 months to 168 Months); United States v. Mark, 455 F. Supp. 3d 17, 37-38 (W.D.N.Y.) 2020 (reducing sentence from 40 to 20 Years); United States v. Arey, 461 F.

Motion For Hard Time Reduction          Pg 4

Supp. 3d 790 (E.D. Va. 2020) (reducing sentence but denying immediate release); United States v. Day, 474 F. Supp. 3d 790 (E.D. Va. 2020) (same); see also United States v. Zullo, 976 F.3d 228, 237 (2d Cir. 2020) ("it bears remembering that compassionate release is a misnomer, 18 U.S.C. § 3582 (c)(1)(A) in fact it speaks of the sentence reductions, A district could, for instance, reduce but not eliminate a defendants prison sentence...")

2.) The Court, using this logic reduced Petitioners sentence in Wilford by 60 months. (see at LEXIS 140) In this case Affiant has had a 'flawless record' of his conduct in prison and has maintained the steady employeement that model inmates display. He shows work ethic that prove he would be a productive and industrious contributing member of his community.

3.) Affiant has a confirmed address to go home to and supportive family and friends he has maintained contact with and will support his re-entry.

4.) Affiant is a 'Low risk' to recidivate and his 'conditions of release' will ensure that he would not pose any danger to community that should warrant denying his release.

## IV (b)
### Hardship Time Warrants Affiants Release

1.) The Fourteenth's Due Process Clause Protects Persons against "deprivations of Life, Liberty or Property." Wilkinson v. Austin, 545. U.S. at 209, 221, 125 S.Ct. 2389, 162 L.Ed.2d 174 (2005)

Motion For Hardtime Sentence Reduction        Pg 5

2.) Affiant was incarcerated in 2020 through 2022 for the entire Covid Pandemic where he was forced to endure 24 hour Lockdown confinement to a closet size space for over 365 days. He had no access to rec time, sports, gym equiptment, church service, hobby craft, or the many other ammenities that normal conditions of confinement would otherwise have offered him. Affiants duration of sufferind during the over 365 days of Lockdown warrent 'Due Process' because this duration was 'Atypical' "in relation to the ordinary incidents of Prison Life". See Sandin v. Connor, 515 U.S. 472, 484 (1995)

3.) Lastly, Affiant has Medical conditions that Courts in similar cases have said are conditions that qualify as a compelling reason for compassionate release.

4.) Affiant suffers from asthma and Pre Ventricular Contractions which amounts to heart problems. Courts have found 'extraordinary and compelling reasons' for a sole health condition, see e.g. United States v. Salvagno, 456 F. Supp. 3d 420, 423, 427-29 (N.D.N.Y) 2020; United States v. Sawicz, 453 F. Supp. 3d 601, 604-05 (EDNY 2020)

Asthma is among the conditions that, according to the CDC, can make you very likely to get very sick from Covid-19. — See Certain Medical Conditions, Supra.

In addition, the CDC cautioned that "the risk of server Covid-19 increases as the number of underlying medical conditions increases in an individual."

5.) As to the CDC's risk factors... The Fourth Circuit has said that "use of a bright-line rule that accepts only the CDC's highest risk conditions is too restrictive". Hargrove, 30 F. 4th at 195. In other words there is no bright-lined rule predicated on the CDC's... "highest risk category" Id at 196.

Motion for Hardtime Sentence Reduction                                    Pg 6

### IV (c)

### Affiants' Hardship Time Warrants Due Process

A Prisoner Possess a Liberty interest when:

(1) there is a state created entitlement to early release from incarceration, see Bd. of Pardons v. Allen, 482 U.S. 369, 381, 107 S.Ct. 2415, 96 L.Ed. 2d 303 (1987), and

(2) Being free from conditions that "impose atypical and significant hardship... in relationship to the ordinary incidents of Prison Life." See Sandin v. Connor, 515 U.S. 472, 484 (1995).

### IV (d)
### Affiants Duration of over 365 Days Lockdown Triggers Atypical Due Process

The Second Circuit clarified that 'atypical' due process is triggered depending on the length, frequency, and conditions of confinement. See Sims v. Artuz, 230 F.3d 14, 23 (2nd Cir. 2000) (Noting that the "duration and frequency of such deprivation are highly relevant to whether the conditions of a Plaintiffs confinement should be considered atypical.")

The Second Cir. further explained in Palmer v. Richards, 364 F.3d 60, 65 (2d Cir. 2004) where the Plaintiff is confined for " an intermediate duration -- between 101 and 305 days development... relitive to ordinary Prison conditions is required." Id (quoting Colon v. Howard, 215 F.3d 227, 234 (2nd Cir. 2000)

Mr. Hookers Lockdown deprivation Lasted over 365 days from 2020 to 2022 to trigger an 'atypical hardship' that warrants justified 'Due Process'.

Motion for Hardtime Sentence Reduction        Pg. 7

IV (e)

## Recent Court Cases Support Awarding Hardship Time

In June of 2022 Judge Dana L. Christenson awarded a 'hard time' reduction for Tafoya's atypical hardship she endured during Covid in the prison. See: "Tafoya has served unusually and unnecessary hard time." See United States v. Tafoya, (June 8th, 2022) U.S. Dist. LEXIS 102524 related case CR-19-24-BU-DLC

In the Courts decision in United States v. Wilford, (2022 U.S. Dist. LEXIS 117148) Crim. No. ELH-11-258 Rel. Civ. No. ELH-19-1926 (July 1, 2021) it stated "It is also noteworthy that the defendant has served part of his sentence during the global pandemic. This has arguably "increased the severity of the sentence beyound what was originally anticipated such that the purpose of sentencing are fully met even with the proposed reduction." United States v. Green, TDC-10-761, 2020 U.S. Dist. LEXIS 99129, 2020 WL 2992855, at *4 (D. Md. June 4, 2020) See also United State v. Park, 456 F. Supp. 3d 557, 2020 WL 1970603, at *5 (S.D.N.Y. 2020)(Noting that a sentence "that was sufficient but not greater than necessary" May now, in light of Covid-19, become "one immeasurably greater than necessary") Tafoya, Wilford, Green and Park support 'Hard time' due Process.

## V   Discussion

It is clear that the Courts hold Covid Confinement to an 'atypical and significant' hardship standard. A person of 'Normal intelligence' that observed prison conditions of 24 hour lockdown would 'logically conclude' that compared to 'Normal conditions of confinement' these

conditions would constitute 'atypical' to the normal incidents of prison life, to trigger Due Process under Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995)) (alterations in original)

To state a 'Due Process Claim' a plaintiff must allege (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest (3) and lack of Due Process. See Wright v. Riveland, 219 F.3d 905, 913 (9th cir. 2000) (quoting Portman v. Cnty. of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993)

The Second Circuit concluded that a liberty interest warranting 'Due Process' arose if conditions of an inmates confinement "impose 'atypical' and significant hardship on inmates in relation to the ordinary incidents of prison life." Sealey v. Giltner, 197 F.3d 578, 583 (2d Cir. 1999)

## Conclusion

The Court should grant Compassionate Release because Affiant shows 'extraordinary and compelling reasons' that the Court could logically conclude would warrant release, because other petitioners that were similarly situated to Affiants situation, and circumstances, were granted such due process.

Further, the Due Process Clause of the Fourteenth Amendment prohibits a state from depriving an individual of life liberty or property without the due process of law. See U.S. Const Amend. XIV, §1. Covid-19 is a "state-created entitlement to early release from incarceration" Under Sandin v. Conner, 515 U.S. 472, 484 (1995) because conditions of his confinement for over 365 days were "atypical hardship."

Lastly Affiants conditions of release assure that his release does not pose a risk to community.

Motion For Hardship Sentence Reduction    Pg 9

Since Covid-19 is still a major health risk to the community and Affiant cannot protect himself from this deadly virus while continuing to be incarcerated, the Court may use discretion to grant compassion release. "indeed, Prisoners have little ability to isolate themselves from the threat posed by the Coronavirus." see Cameron, 462 F. Supp. 3d 746, 2020 WL 2569868, at *1; see also United States v. Mel, TDC-18-0571, 2020 U.S. Dist. LEXIS 74491, 2020 WL 2041674, at *3 (D. Md. Apr. 28, 2020) ("in light of the shared facility, the difficulty of social distancing, and the challenges relating to maintaining sanitation, the risk of infection and the spread of infection within prison and detention centers (facilities) is particularly high."

    Because the district court is "empowered... to consider any extraordinary and compelling reason for release" ' raised by a defendant, see McCoy 981 F.3d at 284 (citations omitted); see also Jenkins, 22 F.4th at 169, Therefor the Court Should grant Affiant the requested relief, as he clearly warrants due Process is warranted under Tafoya, Wilford Green and Park, and his health risk compel relief.

    FURTHER YOUR AFFIANT SAYETH NOT

Respectfully Submitted,        Date:

— Note —

This facility refuses to sell copy cards or allow commissary each week. Therefor Affiant request copies of this be electronically mailed to all interested Parties Please and thank you. Affiant further request a copy as well.

Motion for Hard Time Sentence Reduction    Pg 10

## Notice of Service

RE: Case No 20-CR-445   Date _____
U.S. V. Hooker

I, Caleb Hooker, first being duly sworn to oath state that I have Mailed the following:

Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) And Hard Time Due Process

Upon the Clerk of the Court at the address:

RECEIVED DEC 05 2022 U.S.D.C. W.P.

Respectfully Submitted,

I request please that the Clerk of the Court please be instructed to electronically file this with all interested Parties as I cannot buy a copy card and they denied Me stamps last commissery. Thank You.

Service Papers                                    Pg 1 of 2

This Prison does Not have a Legal Library with books on how to file a Compassion Release so I don't know who "interested Parties" would be.

These are the Parties I do know of.

Prosecuting Attorney:
- Lindsey Keenan
- Jason M. Swergold
- Audrey Strauss

Defender Richard Willstatter
Green & Willstatter
200 Mamaroneck Ave.
Suite 605
White Plains, NY 10601

Service Papers          Pg 2 of 2

Mr. [illegible]
Reg. No. 62503-054
Brooklyn Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232





Clerk of the Court
Charles L. Brieant Jr. U.S. Courthouse
300 Quarropas St.
White Plains, NY
10601-4150

---

Application for compassionate release under 18 U.S.C. Section 3582(c) is denied. First, Mr. Hooker has not exhausted his administrative remedies. While he asserts he has, the Government represents that there are no records of any pursuit of any administrative remedies. Second, Mr. Hooker has not established any extraordinary or compelling reasons for early release. While Mr. Hooker has asthma and other respiratory ailments, none rises to the kind of pre-existing medical condition that places Mr. Hooker at an especially high level of risk. And, in any event, Mr. Hooker is vaccinated and the overwhelming evidence is that vaccines substantially reduce the risk of severe illness. Third, consideration of the Section 3553(a) factors argues strongly against this motion. Mr. Hooker was convicted of serious narcotics charges and has served less than half of his sentence. Early release would undermine both general deterrence and respect for the law.

So Ordered.

12/21/22