Case 7:20-cr-00445-KMK Document 126 Filed 08/20/26 Page 1 of 1

Green & Willstatter
ATTORNEYS AT LAW
200 MAMARONECK AVENUE
SUITE 605
WHITE PLAINS, NEW YORK 10601

THEODORE S. GREEN
RICHARD D. WILLSTATTER

(914) 948-5656
FAX (914) 948-8730

E-MAIL: WILLSTATTER@MSN.COM

August 20, 2026

Honorable Kenneth M. Karas
United States District Judge
United States District Court
300 Quarropas Street
White Plains, New York 10601

Re: United States v. Caleb Hooker
20 Cr. 445 (KMK)

Dear Judge Karas:

Mr. Hooker requests a brief hearing on the question of what type of monitoring should be required of him.

The Court's August 13, 2026 order (Dkt. 125) stated, "Mr. Hooker will be subject to electronic monitoring, whether by the use of an ankle bracelet or some other minimally intrusive means." In response, the Probation Department has ordered him to wear what he says is an uncomfortable ankle monitor which he feels is intrusive and unnecessary when alternatives–such as permitting the Probation Officer access to his "Find my iPhone" app–are available. The ankle monitor is now in place, but it is not minimally intrusive.

Mr. Hooker's employer has GPS monitoring on the delivery vehicle he is driving for them.

Unless the Probation Office relents, Mr. Hooker wishes to address these concerns directly to the Court.

Very truly yours,

/s/ Richard Willstatter
RICHARD D. WILLSTATTER

cc: USPO Kyro King
(By email)

There will be no hearing. Mr. Hooker's record of compliance with his supervised release conditions is spotty, at best, including his uneven record of reporting his movement outside the Southern District. Thus, Mr. Hoover does not get a veto over the means to monitor his location, especially when the suggestions he makes are subject to relatively easy means of circumvention.

So Ordered.

8/20/26